IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **DEBRA JOYCE WILSON,** *et al.*, | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 5:21-CV-411 (MTT) |
| | ) |
| **HARRY BRETCHEL,** *et al.*, | ) |
| | ) |
| **Defendants.** | ) |

## ORDER

Plaintiffs Debra Joyce Wilson and Kenneth Erwin Knowles move the Court to "review" and "vacate" the Court's order (Doc. 4) that dismissed Plaintiffs' complaint on frivolity review. Doc. 6. The Court construes this request as a motion for reconsideration. Pursuant to Local Rule 7.6, "Motions for Reconsideration shall not be filed as a matter of routine practice." M.D. Ga. L.R. 7.6. Indeed, "[r]econsideration of a previous order is an extraordinary remedy to be employed sparingly." *Bingham v. Nelson*, 2010 WL 339806, at *1 (M.D. Ga. Jan. 21, 2010) (internal quotation marks and citation omitted). It "is appropriate only if the movant demonstrates (1) that there has been an intervening change in the law, (2) that new evidence has been discovered which was not previously available to the parties in the exercise of due diligence, or (3) that the court made a clear error of law." *Id*. "In order to demonstrate clear error, the party moving for reconsideration must do more than simply restate his prior arguments, and any arguments which the party inadvertently failed to raise earlier are deemed waived." *McCoy v. Macon Water Authority*, 966 F. Supp. 1209, 1222-23 (M.D. Ga.

1997).  Here, Plaintiffs have raised no change in the law, newly discovered evidence, or clear error in the Court's previous Order.  Accordingly, the Plaintiffs' Motion for Reconsideration (Doc. 6) is **DENIED**.

**SO ORDERED**, this 20th day of January, 2022.

<u>S/ Marc T. Treadwell</u>
MARC T. TREADWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT